McDONOUGH *vs.* SPRAGGINS.

McDONOUGH
*vs.*
SPRAGGINS.

THE court of probates may discharge a curator irregularly appointed. As an administrator *de son tort*, he may be answerable to creditors for waste, but that suit against him must be brought in the courts of ordinary jurisdiction.

APPEAL from the court of probates of the parish of Iberville.

This suit was brought to recover from the defendant as curator of the estate of Nicholas Wilson, deceased, the amouut of a promisory note, drawn by Wilson in his lifetime, in favor of Durnford, and by the latter, transferred to the plaintiff. The petition concludes with a prayer for judgment against the defendant, in his capacity of curator, and in the event of a deficiency of assets, prays judgment against the defendant personally, for having wasted the succession, and having acted as administrator or curator *de son tort*. The answer of the defendant alleges that the estate of Nicholas Wilson never was vacant, and that no curator could legally be appointed to the same. That if the defendant ever was appointed curator, the said appointment expired before the institution of the present suit. It appeared from the documentary evidence introduced, that in October,

Eastern District. *March*, 1830.

[McDONOUGH *vs.* SPRAGGINS.

1825, Wilson died, *ab intestate*—leaving a widow and several children. On the 1st of November, of the same year, his widow accepted the community of acquets and gains, and was appointed curatrix to one of her children, and tutrix to the others, who were all present.

On the 24th of November, 1825, the widow, by a petition to the court of probates, waived her right of preference to the administration of the estate, and on the same day, Joseph Erwin was appointed administrator. On the 15th of July, 1826, Erwin petitioned for, and obtained his discharge from the administration; and on the 4th of September, 1826, Spraggins, the defendant, received letters of curatorship. On the 4th of May, 1827, Spraggins applied to be discharged from his curatorship, on the ground that the succession of Wilson, was not vacant at the time of his appointment. On the 28th of July, 1828, the present suit was brought, praying judgment against defendant in the manner above stated, and opposing his discharge. The court of probates decided that the appointment of Spraggins was illegal and void, *ab initio*, and discharged him and his sureties from all responsibility. From this judgment the plaintiff appealed.

*Porter*, for appellant, urged the following points:

Eastern District.
*March*, 1830.

McDONOUGH
*vs.*
SPRAGGINS

1. The court below erred in deciding that Samuel M. Spraggins was not properly sued as administrator *de son tort* in the court of probates—said court having sole and exclusive jurisdiction in such cases.

2. The judge *a quo* erred in deciding that the appointment of Samuel M. Spraggins as curator was *ab initio* void, for the reasons given in his judgment.

MATHEWS, J. delivered the opinion of the court.

This suit was commenced against the defendant in his capacity as curator, to obtain judgment, rendering the succession which he represents, liable to pay and satisfy the plaintiff's demand, and also, to obtain a decree against him personally, on the event of the property of the estate of Wilson, being insufficient to pay all just claims against it, as having illegally administered the succession of the intestate. He denies ever having been curator, legally appointed, and that if he ever was such, he ceased to be before the institution of the present action. The court

below sustained the pleas of the answer, and discharged the defendant from his curatorship, and refused to hold jurisdiction of the cause, and from its judgment the plaintiff appealed.

It appears from the evidence in the case, that Wilson died intestate, leaving, at his death, a widow, and several children, residing in the parish of Iberville; the former accepted the community of acquets and gains, and in that right, claimed one-half of the estate left at the decease of her husband, and caused the other half to be adjudicated to her at the appraised value of the idventory, and took upon herself to manage the estate of her children, as curatrix *ad bona*, of one, and as tutrix of the others, who were minors, under the age of puberty. Afterwards her father, Joseph Erwin, by her consent, was appointed administrator of Wilson's succession. He ceased or declined to act in that capacity; was discharged by the court of probates, and Spraggins, appointed curator, as of a vacant estate. This last appointment was clearly illegal, as the heirs were all present in the state. Under pretence of having discovered the illegality

of his appointment, the curator applied to the court, from which it was derived, to be discharged from his trust. This was opposed by several of the creditors of Wilson's succession, and amongst others, the present plaintiff made opposition. The judge of the court of probates, notwithstanding the pretensions of the opponents, discharged him, and we think properly. His appointment being originally illegal, was rightfully avoided; it was perhaps, void, *ab initio* and consequently he was never a legal representative of the estate which he undertook to administer. As an administrator *de son tort* or an intermedler with Wilson's estate, he may be answerable to creditors for waste. But those pursuits against him, must take place in a court of ordinary jurisdiction.

It is therefore ordered, &c. that the judgment of the court of probates be affirmed with costs.

*Eastern District.*
*March,* 1830.

McDONOUGH.
*vs.*
SPRAGGINS.

The court of probates may discharge a curator irregularly appointed. As an administrator *de son tort*, he may be answerable to creditors for waste, but that suit against him must be brought in courts of ordinary jurisdiction.